NO. 07-00-0439-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 21, 2001

_____

VICTOR L. JACKSON , APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 338TH DISTRICT COURT OF HARRIS COUNTY;

NO. 838752; HONORABLE ELSA ALCALA, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

On May 19, 2000, appellant Victor L. Jackson pled guilty to the offense of aggravated robbery without an agreed recommendation as to punishment. After a pre-sentence investigation was conducted, the court assessed punishment on July 31, 2000, at ten years confinement in the Institutional Division of the Department of Criminal Justice. Appellant gave timely notice of appeal from that conviction.

Appellant's appointed counsel has now filed a motion to withdraw together with an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In that brief, she certifies that, after careful examination of the record, she has concluded that appellant's appeal is without merit. Along with her brief, she has attached a copy of a letter informing appellant of her intent to withdraw and of his right to file a pro se brief. Appellant filed several motions for extension of time to file his brief, and the last extension gave appellant 30 days from June 11, 2001, to file a brief. No such brief was ever filed, and the State has waived any remaining time in which to file its brief.

In considering federal constitutional matters of this type, we face two interrelated tasks as we consider counsel's motion to withdraw. We must satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal, and then we must determine whether counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Appellant waived the right to have a court reporter record his plea of guilty, so the only record before us shows that appellant knowingly and voluntarily waived his right to trial by jury and pled guilty to the offense. The record also indicates he was properly admonished. Furthermore, at the sentencing hearing, appellant's counsel called several witnesses to the stand in an attempt to obtain probation for appellant. However, the court

2

assessed punishment at ten years confinement, which was within the authorized range of punishment for the charged offense. Thus, we have made an independent examination of the record to determine whether there are any arguable grounds which might support the appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Finding none, we are in agreement with counsel that the appeal is without merit and is therefore frivolous. *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974).

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.

John T. Boyd
Chief Justice

Do not publish.

3